# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HALTOM, | Case No.: 1:11-cv-01439-LJO-SMS |
| Plaintiff, | **ORDER DISCHARGING THE ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION ATTORNEY SENGTHIENE BOSAVANH** |
| v. | **(California Bar No. 249801)** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 19) |

| | |
|---|---|
| ERIN HUDLETON, | Case No.: 1:11-cv-01646-LJO-SMS |
| Plaintiff, | |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 24) |

| | |
|---|---|
| MARLIN FORD, | Case No.: 1:12-cv-00153-LJO-SMS |
| Plaintiff, | |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 20) |

| | | |
|---|---|---|
| MICHELLE LINGENFELTER, | ) | Case No.: 1:12-cv-00047-LJO-SKO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | (Doc. 23) |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| CINDI DEARMON, | ) | Case No.: 1:12-cv-00345-AWI-SKO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | (Doc. 24) |
| | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| ROSALINDA RANGEL, | ) | Case No.: 1:12-cv-00411-AWI-SMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | (Doc. 25) |
| | ) | |
| _____ | ) | |

2

1

2     DESIREE HODGENS,                                  )     Case No.: 1:12-cv-00471-LJO-SKO
                                                        )
3                    Plaintiff,                         )
                                                        )
4             v.                                        )
                                                        )
5     MICHAEL J. ASTRUE,                                )
      Commissioner of Social Security,                  )
6                                                       )
                                                        )     (Doc. 24)
7                    Defendant.                         )
                                                        )
8     _____

9

10

11    DANIEL BUSTOS,                                    )     Case No.: 1:12-cv-00725-AWI-SKO
                                                        )
12                   Plaintiff,                         )
                                                        )
13            v.                                        )
                                                        )
14    MICHAEL J. ASTRUE,                                )
      Commissioner of Social Security,                  )
15                                                      )
                                                        )
16                   Defendant.                         )     (Doc. 24)
                                                        )
17    _____)

18

19          On January 14, 2013, in each of the eight above-captioned cases,[1] this Court issued an

20    order to show cause why the Court should not sanction attorney Sengthiene Bosavanhn,

21    returnable January 29, 2013.  On January 28, 2013, Ms. Bosavanh filed a written response and a

22    revised written response answering each matter noted in the order to show cause.  Although her

23    response acknowledged her ultimate supervisory responsibility for the cases that she had filed,

24    Ms. Bosavanh provided explanations for each of the deficiencies noted in the order to show

25

26

27          [1] Two of the captioned cases, *Lingenfelter v. Astrue* (1:12-cv-00047) and *Hodges v. Astrue* (1:12-cv-00471),
      were transferred to the Northern District of California on January 8, 2013.

28                                                     3

1   cause.  Ms. Bosavanh added that Milam Law was no longer accepting clients seeking to appeal

2   denials of  Social Security disability benefits in federal courts.

3        The order to show cause was heard on January 29, 2013, at 11:00 a.m., before Honorable

4   Sandra M. Snyder, U.S. Magistrate Judge.  Ms. Bosavanh, accompanied by attorney Charles

5   McGill,[2] appeared personally on her own behalf; Assistant U.S. Attorney Patrick Snyder

6   appeared on behalf of the Commissioner.

7        Judge Snyder admonished Ms. Bosavanh, noting that orders to show cause are not issued

8   easily or blithely, but represent the Court's last resort when other remedies have been pursued

9   and exhausted.  The incidents of misrepresentation and incompetence enumerated in the order to

10  show cause adversely affected all magistrate and district judges in the Eastern District of

11  California and their staffs and greatly burdened the District's limited judicial resources.  Ms.

12  Bosavanh apologized to the Court, indicating that "We [Milam Law] are not doing this any

13  more."

14       In response to Ms. Bosavanh's written claim that she relied on the U.S. Attorney to

15  identify errors in venue, Assistant U.S. Attorney Snyder clarified the U.S. Attorney's process in

16  addressing Social Security disability appeals, pointing out that his office has no knowledge of a

17  claimant's address on the complaint filing date but only the last known address provided in the

18  administrative proceedings.  Snyder emphasized that the U.S. Attorney's office cannot backstop

19  the failure of a claimant's attorney to properly determine venue and that, under the regulations,

20  the responsibility to properly allege a claimant's current address rests with the claimant and his

21  or her attorney.

22       Judge Snyder added that, despite the 2010 incident in which the Clerk of Court identified

23  a mis-venued case and returned it to Ms. Bosavanh, the Clerk has neither the responsibility nor

24  ///

25  _____

26       [2] Mr. McGill offered his appearance for Ms. Bosavanh.  Because he had taken no prior action to substitute or

27  appear in this action, the Court determined that, although he could remain to provide counsel to Ms. Bosavanh, he would
    not be allowed to appear and offer argument on her behalf.

28                                          4

the necessary information to double-check a plaintiff's filing for proper venue when the civil cover sheet misidentifies the plaintiff's county of residence.

## Findings of Fact

### General Information

1.     Sengthiene Bosavanh completed her law studies at San Joaquin College of Law in 2006. www.sjcl.edu (January 22, 2013).

2.     Ms. Bosavanh was admitted to the State Bar of California on June 4, 2007, and is presently listed as active and in good standing.  She has no public record of discipline.

3.     She is affiliated with Milam Law, which limits its practice to Social Security disability claims.

4.     Although the web site for Milam Law indicates that both Ms. Bosavanh and firm "owner and operator" Jeffrey Milam are resident in the firm's Fresno office, the State Bar lists Ms. Bosavanh's address as being the firm's Grass Valley office.  According to the State Bar, her e-mail address is listed at Central California Legal Services, where she worked while attending San Joaquin College of Law.  The Milam Law website discloses no information regarding bar admission or membership for either Mr. Milam or Ms. Bosavanh.

5.     Ms. Bosavanh filed her first Social Security disability appeals in this Division on November 20, 2007.  *Salas*, 1:07-cv-01693-AWI-SMS; *See*, 1:07-cv-01776-LJO-DLB.

6.     Between December 11, 2007, and January 31, 2008, Milam Law substituted Ms. Bosavanh as the attorney of record in 45 pending social security disability cases.

7.     After becoming an associate at Milam Law, Ms. Bosavanh relied on the expertise of its office manager, an individual she identifies only as "Debbie," "who had vast experience as a legal secretary for Social Security law firms, and with federal court work, had the clerical role of filing complaints and performing other clerical functions in assisting with the federal court appeal cases." *Haltom*, Doc. 21 at 4.  "Since Debbie was highly

1    experienced when [Ms. Bosavanh] arrived at the firm, she and the firm relied on her and

2    had no reason to expect that she was doing anything improper or was failing to do things

3    that she should have been doing." *Id.*

4    8.    Until October 2008, an unnamed employee of Milam Law was responsible for filing all

5         pleadings in social security disability cases.  The "unnamed employee" had fifteen years

6         of experience in filing federal court documents for Milam Law and other Social Security

7         attorneys.  Following the "unnamed employee's" abrupt departure in October 2008, Ms.

8         Bosavanh discovered "countless errors," including misrepresentation of the status of

9         pending claims, failure to file claims, and other "myriad errors."  *See Haworth*, 1:08-cv-

10        01276-AWI-DLB, Doc. 10.

11   9.    On January 8, 2009, the Court entered an Order to Show Cause, why *Haworth*, filed

12        August 27, 2008, should not be dismissed as a result of the plaintiff's failure to serve the

13        summons and complaint on the Commissioner.  Doc. 9.  Blaming the situation of the

14        misdeeds of the "unnamed employee" in a response dated January 30, 2009, Ms.

15        Bosavanh claimed that she did not know of the *Haworth* case nor of the order to show

16        cause until they were mentioned to her at an unspecified training session.

17   10.   Only after "the unnamed employee" left Milam Law did Ms. Bosavanh seek continuing

18        legal education in federal court procedures and Social Security disability appeals.

19        *Haltom*, Doc. 21 at 4.

20   11.   As of the date of this order, Ms. Bosavanh has appeared as attorney of record in 234

21        Social Security disability appeals before the Fresno Division of the Eastern District of

22        California.  Of these cases, Ms. Bosavanh was listed as the attorney of record at the time

23        of filing of 184 cases.

24   **Mis-Venued Cases**

25   12.   In mid-December, 2012, court staff identified at least eight pending cases in which Ms.

26        Bosavanh identified the plaintiff's county of residence as Fresno even though the

27

28                                          6

1    administrative record indicated that the plaintiff resided in another county.  These are the

2    eight cases set forth in the caption of this order.  Two of these cases were properly venued

3    in the Northern District of California.  The remaining six cases were properly venued in

4    the Sacramento Division of the Eastern District of California.[3]

5    13.   On December 19, 2012, the Court ordered the plaintiffs in four cases  (*Lingenfelter* (1:12-

6          cv-47-LJO-SKO), *Dearmon* (1:12-cv-345-AWI-SKO), *Hodgens* (1:12-cv-471-LJO-

7          SKO), and *Bustos* (1:12-cv-725-AWI-SKO)) (1) to file a declaration on or before January

8          4, 2013, under penalty of perjury, stating his or her residence on the filing date of the

9          complaint and on the date of the declaration, and (2) if the plaintiff's residence was not

10         within the jurisdiction of the Fresno Division, to show cause why the case should not be

11         transferred to the appropriate district court.

12   14.   On December 21, 2012, the Court ordered plaintiffs in four additional cases to show

13         cause, in writing, why their cases should not be transferred for improper venue: *Haltom*

14         (1:11-cv-1439-LJO-SMS), *Hudleton* (1:11-cv-1646-LJO-SMS), *Ford* (1:12-cv-153-LJO-

15         SMS), and *Rangel* (1:12-cv-411-AWI-SMS).  In each case, the Court directed the

16         plaintiff to file a declaration setting forth his or her current address and address on the

17         complaint filing date.

18   15.   On January 3 and 4, 2013, Ms. Bosavanh filed, on behalf of her client in each of the eight

19         above-captioned cases, a response attributing the misstatement on the civil cover sheet to

20         clerical error and requesting that the Court avoid further delay and exercise its discretion

21         to issue a decision on the merits.

22   16.   In light of Ms. Bosavanh's concession that she had filed the eight above-captioned cases

23         in the wrong venue, court staff conducted an exhaustive review of all cases for which Ms.

24         Bosavanh had at any time served as attorney of record.

25   _____

26         [3]  The Court transferred five of the remaining six cases to the Sacramento Division on February 6, 2013.
     Because the plaintiff in *Ford* now lives in a county within the Fresno Division, the Court retained jurisdiction of that
27   case.

28                                              7

17. Initially, the complaints that Ms. Bosavanh filed in this Division used the same vague vicinage language that Milam Law had used in all its complaints since at least 2004: "[Plaintiff's name] is a competent adult residing within the jurisdictional boundaries of this court."

18. Ms. Bosavanh co-drafted a new complaint form with Oregon attorney Tim Wilborn to provide a format that did not require insertion of the plaintiff's name or address.

19. Of the 138 cases filed by Ms. Bosavanh for which the Court was able to determine the plaintiff's residence at the time of filing, the county of residence was misreported on the civil cover sheet 91 times (approximately 66 percent). Eighteen of these cases would properly have been venued elsewhere than the Fresno Division had Ms. Bosavanh properly reported the plaintiff's residence.

20. Ms. Bosavanh changed her method of completing the civil cover sheet in late 2009. Only three cases filed in this division since January 2010 report that the plaintiff resided in a county other than Fresno. Beginning in August 2010, Ms. Bosavanh filed no civil cover sheet reporting that a plaintiff lived in any county other than Fresno.

21. Of the 122 cases filed by Ms. Bosavanh since January 2010 for which the plaintiff's residence can be determined, 85 complaints (approximately 70 per cent) allege the plaintiff's residence incorrectly, including thirteen cases (approximately 11 per cent) that would properly have been filed in the Sacramento Division of this District and three cases (approximately 2.5 per cent) that properly would have been filed in the Northern District of California.

22. In her written response to the order to show cause, Ms. Bosavanh claimed to have been completely unaware of any venue issues with her cases until the Court began to examine them. *Haltom*, Doc. 21 at 6.

23. In her written response to the order to show cause, Ms. Bosavanh acknowledged that she was ultimately responsible for filing cases in the wrong venue but attributed the errors to

1   training that emphasized that "venue is a fairly mechanical process" in social security

2   disability appeals.  Ms. Bosavanh protests that she instructed her staff to ask her any

3   questions they might have regarding documents to be filed with the Court but "[t]here

4   was never a question asked about venue." *Haltom*, Doc. 21 at 6.

5   24.   When staff members asked Ms. Bosavanh questions regarding the filing of complaints,

6        including the determination of venue, she referred them to various available sources,

7        including the federal court website, rules of Court, and federal court clerks.  *Haltom*, Doc.

8        26 at 7.

9   25.   Ms. Bosavanh reviewed documents for filing by e-mail without the benefit of any

10       supporting documentation regarding the plaintiffs.  As a result, she was unable to evaluate

11       whether the documents that she signed for filing were accurate.  She "assumed that her

12       staff would properly note the 'county' in the appropriate space for filing, and would

13       therefore confirm that the district [*sic*] was properly noted based on the county in which

14       plaintiffs resided."  *Haltom*, Doc. 26 at 6.

15   26.   Ms. Bosavanh's written response to the order to show cause implicitly acknowledges that

16       "Debbie" is the "unnamed employee," whom Ms. Bosavanh blamed for her failure to

17       serve the Commissioner in *Haworth.*

18   27.   Ms. Bosavanh attributed the venue errors in her filings to "Debbie," who had been

19       making such errors since long before Ms. Bosavanh joined Milam Law.

20   28.   "Debbie" left Milam Law in October 2008, more than a year before Ms. Bosavanh began

21       indicating that all of the plaintiffs in the cases that Ms. Bosavanh filed in the Fresno

22       Division resided in Fresno County.  *See Haworth*, 1:08-cv-01276-AWI-DLB, Doc. 10.

23       According to Ms. Bosavanh, Milam Law staff continued to make the same errors after

24       Debbie left the firm. *Haltom*, Doc. 26 at 8.

25   ///

26   ///

27

28                      9

29.   In her written response to the order to show cause, Ms. Bosavanh claimed that, with one exception, the Clerk of Court failed to discover and advise her that she was filing her appeals in the wrong venue.

30.   In her written response to the order to show cause, Ms. Bosavanh indicated that she expected the U.S. attorneys representing the Commissioner to advise her if she made a mistake in determining the venue of a case.

31.   On January 8, 2013, Judge Oberto transferred *Lingenfelter* and *Hodges* to the Northern District of California.

**Failure to File Plaintiff's Opening Brief**

32.   In its order to show cause, the Court noted that the Court or the plaintiffs represented by Ms. Bosavanh dismissed 25 cases for failure to file plaintiff's opening brief.

33.   According to Ms. Bosavanh, these dismissals reflected Milam Law's practice of entering into limited service agreements with certain plaintiffs which provided that Milam Law would dismiss the complaint if the Commissioner would not agree to a voluntary remand after Ms. Bosavanh filed the confidential brief.  *Haltom*, Doc. 26 at 8.  Ms. Bosavanh asserted that, except for three cases dismissed by the Court, the plaintiff voluntarily dismissed the balance of the cases after Ms. Bosavanh failed to reach a settlement agreement with the Commissioner.

34.   Subsequent investigation revealed that all of Ms. Bosavanh's cases dismissed for failure to timely file an opening brief were originally filed in 2007.

35.   Attorneys for Milam Law, including Ms. Bosavanh, filed 44 cases in 2007 for which Ms. Bosavanh became attorney of record prior to the filing of the administrative record.

36.   In seventeen of these cases, a standard form fee agreement for Milam Law's filing a Social Security disability appeal were appended to the complaint as Exhibit 1: *Cruse*, 1:07-cv-00455-OWW-SMS; *Duran*, 1:07-cv-00756-AWI-TAG; *Phrasavath*, 1:07-cv-00774-AWI-TAG; *Lee*, 1:07-cv-00861-AWI-GSA; *Caldwell*, 1:07-cv-01015-AWI-DLB;

*Tamayo*, 1:07-cv-01035-LJO-DLB; *Mala*, 1:07-cv-01036-LJO-DLB; *Vang*, 1:07-cv-01038-LJO-DLB; *Campbell*, 1:07-cv-01060; *Zachary*, 1:07-cv-01083-AWI-DLB; *Biddie*, 1:07-cv-01096-OWW-DLB; *Work*, 1:07-cv-01140-AWI-TAG; *Andrade*, 1:07-cv-01141-LJO-DLB; *Rangel*, 1:07-cv-01143-AWI-GSA; *Salas*, 1:07-cv-01693-AWI-SMS; *Lovett*, 1:07-cv-01740-LJO-SMS; *See*, 1:07-cv-01776-LJO-DLB.  These fee agreements, all of which are identical, contemplated that the appeal would proceed through a substantive judgment.  None included any reference to terminating the proceedings following attempts to secure a consensual remand.

37.   Although the remaining 27 complaints stated that a fee agreement was appended to the complaint as Exhibit 1, no fee agreements were included in the Court's docket for those cases.

38.   Only one of these cases (*English*, 1:07-cv-00314-LJO-DLB) was litigated to judgment on its substantive merits.

39.   In four of the 2007 cases, the plaintiff and the Commissioner stipulated to remand the case for further administrative proceedings.  *Mala*, 1:07-cv-01036-LJO-DLB; *de Leon Bura*, 1:07-cv-01051-GSA; *Zachary*, 1:07-cv-01083-AWI-DLB; *Sayasane*, 1:07-cv-01091-OWW-GSA.

40.   Without prior action by the Court, the parties stipulated to dismissal for lack of merit in twelve cases, always stating that the claims lacked merit to continue.  *Rodriguez*, 1:07-cv-00319; *Cruse*, 1:07-cv-00455-OWW-SMS; *Quintoa-McGee*, 1:07-cv-00473-LJO-TAG; *Overholtzer*, 1:07-cv-00553-AWI-TAG; *Baker*, 1:07-cv-00754-AWI-DLB; *Lee*, 1:07-cv-00855-AWI-TAG; *Vang*, 1:07-cv-01038-LJO-DLB; *Cota*, 1:07-cv-01091-OWW-GSA; *Biddie*, 1:07-cv-01096-OWW-DLB; *Andrade*, 1:07-cv-01141-LJO-DLB; *Salas*, 1:07-cv-01693-AWI-SMS; *Lovett*, 1:07-cv-01740-LJO-SMS.

///

///

41.   In 24 cases, the Court issued orders to show cause why the case should be dismissed for the plaintiff's failure to comply with the scheduling order, specifically failure to timely file his or her opening brief.

42.   In sixteen of the cases in which the Court issued orders to show cause for failure to timely file plaintiff's opening brief, the plaintiff, by attorney Ms. Bosavanh, responded to the order to show cause by filing a stipulation in which the parties agreed to dismiss the case for lack of merit. *Torres*, 1:07-cv-00276-LJO-TAG; *Price*, 1:07-cv-00280-OWW-TAG; *Lee*, 1:07-cv-00416-AWI-TAG; *Fam Saechao*, 1:07-cv-00697-OWW-GSA; *Phrasavath*, 1:07-cv-00774-AWI-TAG; *Nichols*, 1:07-cv-00776-OWW-DLB; *Sandoval*, 1:07-cv-00780-OWW-DLB; *Vue*, 1:07-cv-00861-AWI-GSA; *Caldwell*, 1:07-cv-01015-AWI-DLB; *Tamayo*, 1:07-cv-01035-LJO-DLB; *Campbell*, 1:07-cv-01060-AWI-GSA; *Work*, 1:07-cv-01140-AWI-TAG; *Rangel*, 1:07-cv-01143-AWI-GSA; *Lobato*, 1:07-cv-01240-AWI-GSA; *Crockett*, 1:07-cv-01301-LJO-TAG; *Maharaj*, 1:07-cv-01411-AWI-DLB.

43.   In four of the cases in which the Court issued orders to show cause for failure to timely file plaintiff's opening brief, the plaintiff, represented by Ms. Bosavanh, did not respond until after the magistrate judge had filed findings and recommendations recommending dismissal. *Corrog*, 1:07-cv-544-AWI-GSA; *Torres*, 1:07-cv-00753-OWW-GSA; *Sanders*, 1:07-cv-01323-LJO-DLB; *Richmond*, 1:07-cv-01409-AWI-DLB.  The parties then stipulated to dismissal.

44.   In four other cases in which the Court issued orders to show cause for failure to timely file plaintiff's opening brief, the plaintiff, represented by Ms. Bosavanh, never responded to the order to show cause or to the findings and recommendations.  In each case, the District Court entered an order adopting the recommendation to dismiss the case. *Sanchez*, 1:07-cv-00598-AWI-GSA; *Duran*, 1:07-cv-00756-AWI-TAG; *Ramirez*, 1:07-cv-1377-OWW-GSA; *See*, 1:07-cv-01776-LJO-DLB.

///

12

45.   Ms. Bosavanh contends that "Debbie" was responsible for the untimely dismissals. *Haltom*, Doc. 26 at 9.

46.   In every stipulation to dismiss a case, Ms. Bosavanh stated that "this claim lacks merit to continue."

47.   In her written response to the order to show cause, Ms. Bosavanh contends that appropriate reasons existed for dismissal of four cases: *Blackwood*, 1:10-cv-02162-OWW-JLT[4]); *Watkins*, 1:10-cv-02356-LJO-SKO; *Statzer*, 1:11-cv-00815-AWI-GSA; *Youkhanna*, 1:11-cv-01664-AWI-DLB.[5]

48.   Because the Court did not enter an order to show cause seeking to dismiss *Blackwood*, *Watkins*, *Statzer*, nor *Youkhanna* for untimely filing of an opening brief, whether or not Ms. Bosavanh believes that appropriate reasons existed for their dismissal is not relevant to the dismissals noted in the order to show cause.

**Failure to Comply with Substantive Requirements for Opening Brief**

49.   On December 1, 2012, Magistrate Judge Thurston struck an opening brief filed by Ms. Bosavanh on behalf of her client for failure to comply with the Court's April 14, 2012 order setting forth the substantive contents of opening briefs. *Vaughn*, 1:12-cv-00566-AWI-JLT, Doc. 17. Specifically, Ms. Bosavanh contended on behalf of her client that the administrative law judge erred in evaluating medical evidence and in rejecting lay testimony without providing summaries of the medical evidence or the lay testimony.

50.   On December 17, 2012, Judge Thurston struck an opening brief filed by Ms. Bosavanh on behalf of her client for failure to comply with the Court's May 22, 2012 order setting forth the substantive contents of opening briefs. *McKnight*, 1:12-cv-00726-AWI-JLT, Doc. 17. Specifically, Ms. Bosavanh contended on behalf of her client that the administrative law judge erred in evaluating medical evidence, in rejecting lay testimony,

---

[4]  Ms. Bosavanh mis-cites this case as 1:10-cv-02181-AWI-BAM.

[5]  Ms. Bosavanh mis-cites this case as *Youkhana*, 1:11-cv-016674-AWI-DLB.

1   and assessing the plaintiff's credibility.  The opening brief failed to provide summaries of

2   the medical evidence or testimony  of the plaintiff and the lay witnesses.

3   **Untimely Filings**

4   51.   In the order to show cause, the Court noted that three of Ms. Bosavanh's cases were

5         dismissed for untimely filing.

6   52.   The Court dismissed three 2007 cases for untimely filing.  In two cases (*Morgan*, 1:07-

7         cv-01249-LJO-DLB; *Bun*, 1:07-cv-01420-OWW-GSA), the parties stipulated to

8         dismissal of the case for lack of merit before the motion's return date.  In the other case

9         (*Scruggs*, 1:07-cv-01270-OWW-DLB), the Court ordered the plaintiff to respond to the

10        Commissioner's motion, then entered findings and recommendations recommending

11        dismissal when the plaintiff did not timely respond.  The parties then entered a stipulation

12        of dismissal that specified that the "claim lacks merit to continue."  Doc. 22.

13  53.   Ms. Bosavanh protested that since another Milan Law attorney filed *Morgan*, *Bun*, and

14        *Scruggs,* she was not responsible for their untimely filing.

15  54.   Even though Ms. Bosavanh did not file the three untimely actions, she requested

16        substitution as attorney of record nearly four months before the Commissioner moved to

17        dismiss the three cases.  Even a cursory look at the case file should have alerted her to an

18        excessive time lapse between the date of the Appeals Council letter and the complaint

19        filing date.

20  55.    Further, with regard to *Scruggs*, Ms. Bosavanh failed to respond on behalf of her client to

21        the Commissioner's dismissal motion following a Court order that she do so, stipulating

22        to dismissal only after the Magistrate Judge had filed findings and recommendations

23        recommending dismissal.

24  56.   In addition to the three cases noted in the order to show cause, on July 9, 2010, Ms.

25        Bosavanh filed a complaint in *Ray*, 1:10-cv-01240-OWW-JLT, before the Commissioner

26        had issued an administrative decision. On December 14, 2010, Magistrate Judge Jennifer

27

28                                                14

Thurston entered findings and recommendations recommending that the case be dismissed for lack of jurisdiction.  On December 30, 2010, District Judge Oliver W. Wanger adopted the findings and recommendations and entered an order of judgment dismissing the case.

**The Dead Plaintiff**

57.   On July 6, 2012, Ms. Bosavanh signed and filed *Lee v. Astrue* (1:12-cv-01095-SMS). Ms. Bosavanh named Mai Lee as the plaintiff and did not disclose that Mai Lee had previously died, filing instead a suggestion of death upon the record.  On July 11, 2012, the Court dismissed the case for failure to name as plaintiff the real party in interest.

58.   In her written response, Ms. Bosavanh states that naming Mai Lee as plaintiff was "an error," but blames the filing on a compassionate and empathetic staff member who filed the complaint without Ms. Bosavanh's knowledge or review.  Doc. 28 at 10.

**Failure to Timely Serve Commissioner**

59.   In the order to show cause, the Court noted four unspecified cases in which the plaintiff failed to timely serve the Commissioner.  In fact,the Commissioner was not timely served in at least eight cases: *Bargas*, 1:08-cv-00176-LJO-SMS; *Maddon*, 1:08-cv-00082-GSA; *Yang*, 1:08-cv-00265; *Saesee*, 1:08-cv-00117-GSA; *See*, 1:08-cv-00422-LJO-GSA; *Homer*, 1:08-cv-00876-OWW-DLB; *Haworth*, 1:08-cv-01276-AWI-DLB; *Carroll*, 1:12-cv-01341-AWI-GSA).

60.   In *Bargas*, because the plaintiff had failed to timely serve the Commissioner, the Magistrate Judge entered an order to show cause why the case should not be dismissed for failure to follow the Court's order.  Ms. Bosavanh, responding on behalf of the plaintiff, effectuated service.  She then filed a written response in which she explained her failure to comply as resulting from the formerly pro se plaintiff's representations that all procedural matters were complete.  Ms. Bosavanh did not review the plaintiff's file until she received the order to show cause.  She requested that the order to show cause be

dismissed, or at least postponed to permit her to review the transcript to determine whether the plaintiff had a cognizable claim.

In light of Ms. Bosavanh's failure to comply with the scheduling order, the Magistrate Judge declined to vacate the hearing.  The Magistrate Judge wrote: "Any unfamiliarity with Plaintiff's claim or uncertainty as to its merits do not constitute an excuse for counsel's failure to comply with the Court's orders." Doc. 15 at 2.  Three days later, and one day before the return date of the order to show cause, Ms. Bosavanh filed a stipulation of dismissal on behalf of her client.

61.   In *Maddon*, *Saesee*, and *See*, the plaintiffs, represented by Ms. Bosavanh, each filed a return of service shortly after the summons issued.  In each case, when the Commissioner did not timely file the administrative record, Magistrate Judge Austin issued an order to show cause why sanctions should not be imposed on the Commissioner for failure to timely file the administrative record.  Immediately thereafter in each case, the plaintiff "again" served the Commissioner.  Judge Austin then discharged the order to show cause in each case.

62.   In *Yang*, the plaintiff, represented by Ms. Bosavanh, filed a return of service on May 7, 2008.  On January 22, 2009, Magistrate Judge Goldner entered an order to show cause why sanctions should not be imposed on the Commissioner for failure to timely file the administrative record.  On the same day, the plaintiff, represented by Ms. Bosavanh, again filed a return of service.  On January 30, 2009, the U.S. Attorney moved to discharge the order to show cause, declaring under oath that the plaintiff had not served the Commissioner with the summons and complaint prior to January 22, 2009.  The Magistrate Judge discharged the order to show cause, and the case proceeded to a judgment in favor of the Commissioner.

63.   In *Homer*, the Magistrate Judge issued an order to show cause why the action should not be dismissed for failure to complete and return service documents.  The plaintiff,

represented by Ms. Bosavanh, did not respond.  Accordingly, the Magistrate Judge filed findings and recommendations recommending dismissal for failure to serve the Commissioner.  After the plaintiff did not comment or otherwise respond, the District Judge dismissed the case.

64.    In *Haworth*, on August 29, 2008, the Court issued an order permitting the plaintiff, who was proceeding *in forma pauperis*, to submit documents necessary to effectuate service by the United States Marshal.  On January 8, 2009, Magistrate Judge Beck issued an order to show cause why the action should not be dismissed for failure to complete and return the service documents.  As detailed in paragraph 9 above, Ms. Bosavanh responded, blaming the error on the "unnamed employee."  Judge Beck discharged the order to show cause and enlarged the time in which the plaintiff could serve the Commissioner.

65.    In the proof of service in *Carroll*, Milam staff member Ruby Gonzalez declared under penalty of perjury that she served by certified mail, return receipt requested, the summons, complaint, consent, and scheduling order on the Office of the U.S. Attorney, the Office of the Attorney General, and the Commissioner.  Doc. 8.  Following the Court's issuance of an order to show cause following the Commissioner's failure to answer, Paulette Tremblay, paralegal specialist with the U.S. Attorney's Office reviewed the mail logs, and determined that, contrary to the proof of service filed by Ms. Bosavanh's office, the U.S. Attorney had never been served with the summons and complaint in *Carroll*.  Doc. 13.  Upon Ms. Tremblay's inquiry, Ms. Bosavanh stated that, despite the language in the sworn proof of service, the materials had been served by regular mail because her office had run out of certified mail return receipts.  Doc. 13.

66.    In her written response, Ms. Bosavanh claims the Court noted four cases as improperly served: *Bargas v. Astrue* (1:08-cv-00176-LJO-SMS), *Homer v. Astrue* (1:08-cv-01276-AWI-DLB), *Haworth v. Astrue* (1:08-cv-01276-AWI-DLB), and *Nguyen v. Astrue* (2:08-

cv-00380-FCD-EFB).  She blames the missed filing deadlines on "Debbie" and argues that *Bargas* and *Haworth* eventually won their cases.

**Suspension of Representation**

67.   Ms. Bosavanh represented to the Court that Milam Law has suspended representation of plaintiffs in social security disability appeals and now refers potential clients to other attorneys.

68.   Ms. Bosavanh filed the last disability appeal on September 29, 2012.  *Barraza* (1:12-cv-01610-LJO-JLT).

69.   Milam Law continues to advertise its "ability to handle your case from start to finish, no matter how much needs to be done to succeed."  www.milamlaw.com/Firm-Overview.shtml (January 29, 2013).

## DISCUSSION

In the order to show cause, the Court directed Ms. Bosavanh to demonstrate why it should not impose sanctions on her pursuant to both F.R.Civ.P. 11 and *California Rules of Professional Conduct*, Rul3 3-110 (A).

Rule 11(b) provides:

**Representations to the Court.**  By presenting to the court as pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after a inquiry reasonable under the circumstances . . . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

F.R.Civ.P. 11(b)(3).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990).  *See also Federal Rules of Civil Procedure*, 97 F.R.D. 165, 190 (1983).  Under the rule, an attorney has a duty to conduct a reasonable inquiry and to determine that the papers that he or she signs and files in court "are well grounded in fact, legally tenable,

and not interposed for any improper purpose." *Cooter & Gell*, 496 U.S. at 392.  When a court

examines a complaint to determine the propriety of sanctions under Rule 11, it must determine

both (1) whether the complaint is legally or factually baseless from an objective perspective, and

(2) whether the attorney conducted a reasonable and competent inquiry before signing it.

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  A complaint filed without the signing

attorney's having made reasonable inquiry and the prescribed determinations is frivolous.  *Id.*

The Court may penalize a attorney who has breached his or her duties under Rule 11 by imposing

"an appropriate sanction." *Cooter & Gell*, 496 U.S. at 392.  When, on its own motion, a Court

finds a breach of Rule 11, it may impose sanctions sufficient to deter repetition of the conduct,

including nonmonetary directives, penalties payable to the Court, or both.  F.R.Civ.P. 11(c)(4).

   "No attorney admitted to practice before this Court shall engage in any conduct that

degrades or impugns the integrity of the Court or in any manner interferes with the administration

of justice."  Local R. 180(e).  Any attorney admitted to practice before this Court is expected to

be familiar with the Rules of Professional Conduct of the State Bar of California.  *Id.*  A member

of the California bar "shall not intentionally, recklessly, or repeatedly fail to perform legal

services with competence."  *California Rules of Professional Conduct*, Rule 3-110 (A).

Competence in legal service requires "the 1) diligence, 2) learning and skill, and 3) mental,

emotional, and physical ability reasonably necessary for the performance of [the] service."

*California Rules of Professional Conduct*, Rule 3-110 (B).

   The Court's inquiry into Ms. Bosavanh's failure to properly file her cases in the correct

district and division of the court reveals that she falls far short of compliance with these rules.

With unquestioning reliance on Milam Law's office manager and a belief that she need not

police her staff because "venue is a fairly mechanical process," Ms. Bosavanh made no inquiry

whatsoever about the proper venue of any of her cases.  She claimed to have had no idea that the

cases were mis-venued until the Court challenged her, then argued that the Court should retain

jurisdiction to avoid delay.  She elected to use a word-processed form complaint that did not

require insertion of the plaintiff's name or address, effectively preventing anyone, including

herself, from easily discovering a venue error.  Incredibly, she claims never to have questioned

her staff's declaring on the civil case statement that every client after August 2009 lived in

Fresno County, since "the Fresno ALJs were one of the most conservative group of judges in the

entire country, and a high disapproval rate, per NOSSCR statistics and compared to the other

hearing offices we have experienced."  *Haltom*, Doc. 26 at 7 n. 1.

Ms. Bosavanh minimizes the value of thoughtful or educated compliance with the law of

venue.

> Respondent incorrectly assumed her staff would correctly note the "county" in the appropriate space for filing, and would therefore confirm that the district was properly noted based on the county in which plaintiffs resided.  It was a matter of picking out a fact from the file and inserting it within the filing documents; so, it was not a legal issue that the staff needed to address, but merely inserting a fact on a template.

*Haltom*, Doc. 26 at 6.

Milam Law's staff emailed documents to be filed to Ms. Bosavanh without any additional

documentation, such as administrative correspondence or internal intake forms setting forth the

plaintiff's address.  As a result, Ms. Bosavanh's review was meaningless, since "on its face, the

initial filing documents did not appear to contain any error, including the county of residence."

*Haltom*, Doc. 26 at 6.  Ms. Bosavanh simply asked her staff if the documents reflected the county

of residence, which they readily affirmed.  She also depended on their asking her any questions

about documents to be filed.  Since they did not do so, she assumed the work was being done

properly.  Ms. Bosavanh also notes that, if staff asked any questions relating to filing procedures,

she did not personally determine the appropriate answer, but referred the staff member to the

federal court website, the rules of court, or court personnel.  In short, the venue errors uncovered

by this Court reveal that Ms. Bosavanh fully abdicated her responsibility as an officer of the

Court and as a supervisor of her support staff.

The Court's inquiry also uncovered an assortment of problems beyond that of filing cases

in the wrong court house.  Ms. Bosavanh's inability to competently manage her caseload and

responsibly represent her clients begins at intake, when she fails to conduct the information

gathering and analysis needed to determine whether the proposed appeal likely has merit.  As a

result, she needlessly files cases of questionable merit, dismissing them when her attempts to

secure a stipulated remand are unsuccessful or immediately after reviewing the administrative

record.  Failure to effectively screen cases wastes her time and resources, as well as those of the

Court and its staff.

The docket demonstrates a chronic problem of time management, including cases filed

out of time, missed deadlines, and the repeated need to enlarge time.  Poor time management also

forces Ms. Bosavanh to take inappropriate short cuts and to fake actions without the benefit of

the requisite analysis and legal research.  For example, the filing of a case on behalf of a dead

plaintiff, no matter how well intentioned, likely would not have been necessary if Ms.

Bosavanh's staff were not addressing the problem at the last minute.

Even more seriously, time pressure and inadequate research and analysis have lead to a

habit of untruth and omitted information.  On multiple occasions, Ms. Bosavanh's staff have

untruthfully certified service on the Commissioner.  In response to this order to show cause, Ms.

Bosavanh twisted the facts relating to the substantial dismissal of the 2007 cases and

intentionally misled the Court regarding "Debbie's" role in the mis-venued cases.  The Court's

detailed review of Ms. Bosavanh's record of practice before this Court leads to an inescapable

conclusion that her word and that of her staff, even in sworn documents, cannot be trusted.

Had Ms. Bosavanh not declared Milam Law's determination to discontinue representing

clients in Social Security disability appeals before the Court, and had the docket not supported

the conclusion that Milam Law has already withdrawn from this aspect of its practice, the Court

would have had no choice but to impose heavy sanctions and to file a report of its findings with

the Bar of the State of California.  Because objective evidence supports a conclusion that Ms.

///

///

Bosavanh is presently winding down her activities before this Court, however, the Court hereby ORDERS:

1.  Ms. Bosavanh shall evaluate applicable law and facts sufficiently to ensure that any future case filed before this Court is properly venued in this district and division.  In furtherance of this objective, any future complaint in which Ms. Bosavanh represents an individual seeking review of an administrative determination in a Social Security disability case shall set forth the residence of business address of the plaintiff, including the correct County.

2.  To ensure that all information set forth on the civil cover sheet is accurate, Ms. Bosavanh shall review factual material confirming the information set forth.

3.  Prior to the submission of any certification of service by Ms. Bosavanh or her staff or associates, Ms. Bosavanh shall review the service materials to ensure the truthfulness of the certification.

4.  Prior to the filing of any document in the docket by Ms. Bosavanh or on her behalf, Ms. Bosavanh shall review the document for compliance with the provisions of the Federal Rules of Civil Procedure, the Local Rules, the case's scheduling order, and any other applicable orders in the case's docket.

5.  Additional time spent reviewing submissions to this Court to ensure factual accuracy and compliance with the rules of venue shall not be billed to the client.

6.  The Court shall review the status of Ms. Bosavanh's cases three months after the return date of the order to show cause (April 29, 2013) and six months after the return date of the order to show cause (July 29, 2013).  If her activities before this Court in the intervening three-month periods suggest a need for her providing further information to this Court, Ms. Bosavanh may file a brief statement, not to exceed five pages, on or before April 22, 2013 (for the April 29, 2013 review) and on or before July 22, 2013 (for the July 29, 2013 review).

7.      If no further instances of mis-venue, failure of service, or failure to obey a court order occur through July 29, 2013, the order to show cause shall be discharged.

IT IS SO ORDERED.

**Dated:    February 13, 2013**            _____/s/ **Sandra M. Snyder**_____
                                                    UNITED STATES MAGISTRATE JUDGE

23